# United States Court of Appeals
## For the First Circuit

No. 17-1382

UNITED STATES OF AMERICA,

Appellee,

v.

LEON PAYNE,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

[Hon. George Z. Singal, U.S. District Judge]

Before

Kayatta, Stahl, and Barron,
Circuit Judges.

Peter E. Rodway and Rodway & Horodyski, P.A. on brief for
appellant.
Halsey B. Frank, United States Attorney, and Julia M. Lipez,
Assistant United States Attorney, on brief for appellee.

January 31, 2018

**KAYATTA**, <u>Circuit Judge</u>.  The guidelines used by federal judges to gauge the appropriate length of sentences in criminal cases call for considering the defendant's role in the criminal activity giving rise to the conviction.  With exceptions not relevant here, those guidelines recommend a longer sentence for one who supervises the criminal activity of another, an even longer sentence for one who manages or supervises criminal activity involving five or more participants, and a sentence still longer for an "organizer or leader" of criminal activity involving five or more participants.  <u>See</u> U.S. Sentencing Guidelines Manual ("U.S.S.G.") § 3B1.1 (U.S. Sentencing Comm'n 2016).

In this case, the district court found Leon Payne to have been an organizer or leader of a conspiracy of five or more persons to procure and distribute cocaine and heroin in and around Portland, Maine.  As a result, the district court enhanced Payne's offense level by four levels, resulting in a guideline sentencing range of seventy to eighty-seven months.  Payne argues, as he did in the district court, that the evidence supported only a three-level enhancement for being a "manager or supervisor," rather than an organizer or leader, calling for a guideline range of sixty-three to seventy-eight months.  Because Payne preserved his claim of factfinding error by the sentencing court, we review for clear error.  <u>United States</u> v. <u>Nuñez</u>, 852 F.3d 141, 144 (1st Cir. 2017). For the following reasons, we affirm his sentence.

We distinguish a "leader" or "organizer" of a criminal enterprise from a lesser "supervisor" or "manager" by considering, among other things, the factors discussed in an application note to Section 3B1.1. Those factors are "the exercise of decision making authority, the nature of participation in the commission of the offense, the recruitment of accomplices, the claimed right to a larger share of the fruits of the crime, the degree of participation in planning or organizing the offense, the nature and scope of the illegal activity, and the degree of control and authority exercised over others." U.S.S.G. § 3B1.1, comment. (n.4) (the "application note").

The evidence tendered by the government to prove Payne's role in the criminal conspiracy consisted primarily of recordings of wiretapped conversations between Payne and two co-conspirators made while Payne was temporarily incarcerated in New York for a probation violation a few months before his arrest in Maine. Additionally, the pre-sentence report ("PSR") stated, and Payne did not contest, that he was the person who arranged for the acquisition of drugs from New York via a courier. Finally, the parties agreed below and agree on appeal that the district court reasonably found five or more participants in the relevant criminal activity.

After reviewing the evidence, the district court stated:

> I reviewed the language of 3B1.1 and the commentary. I find this defendant, as indicated by the Government, did exercise a high degree of control and authority. He was the leader of this criminal activity. He organized it. Unfortunately for him, his degree of organization dissolved during the period of time he was in jail and he was complaining about how disorganized his subordinates were and how they screwed up the plan.
>
> The fact that he was out while someone else got paid is often the case that someone is running the show. I find a four level enhancement.

The district court also found "the facts as set forth in the [PSR]."

Payne does not challenge any of the evidence in the sentencing record. Rather, he argues that the court's foregoing factual findings insufficiently supported the conclusion that Payne was an "organizer or leader," and that the evidence put forward by the government could not support such a conclusion.

The district court's findings collectively tracked four of the relevant factors set forth in the application note: Payne's decision-making authority, the nature of Payne's participation in the conspiracy, the degree of Payne's participation in organizing the offense, and the control Payne exercised over others. See U.S.S.G. § 3B1.1, comment. (n.4.) Contrary to Payne's arguments to us, there is no requirement that the district court specifically find whom the defendant controlled or how he did so. See United States v. Tracy, 36 F.3d 199, 203 (1st Cir. 1994) (there is "no

- 4 -

such requirement in sentencing determinations" that a district court provide "subsidiary findings or . . . an explanation as to the district court's own reasoning process" provided the district court's findings are sufficient to enable appellate review). The record, in turn, supported the district court's findings. Payne was recorded reminding a co-conspirator that Payne had previously given him instructions about what to do if anything went wrong, describing whom Payne had and had not left "in charge of" the operation while he was in jail, and criticizing the performance of other participants. As noted, his own activity included arranging for a courier to get the drugs from New York to Maine. And the court's mention of Payne being "out while someone else got paid" fairly suggests that Payne was not at the retail end of the transactions in the plan, but rather had made, and lost, an initial investment to purchase the drugs. See United States v. Matthews, 749 F.3d 99, 105 (1st Cir. 2014) (the court may "draw commonsense inferences from the evidence").

Payne concedes that he was a supervisor or manager. But to say he was only that is to imply that someone else was the leader to whom the supervisor reported. Here, though, there is no evidence that any participant occupied a position superior or equal to that occupied by Payne. In other words, this was not a five-person group with one supervisor reporting to someone else who organized or led the efforts of several groups. This was a group

of at least five participants in which Payne is fairly seen as a leader accountable to no one else.

It is true that the district court did not rely on all of the factors listed in the application note. For example, the district court did not find that Payne was paid a disproportionate share of the proceeds. Our precedent is clear, though, that "[t]here need not be evidence of every factor before a defendant is found to be a leader or organizer," United States v. Talladino, 38 F.3d 1255, 1260 (1st Cir. 1994) (internal quotation marks omitted).

Our conclusion here also dispenses with Payne's argument that the record as a whole cannot support the four-level enhancement. Reversal for clear error requires the court, "upon whole-record-review," to have formed a "strong, unyielding belief that a mistake has been made." Nuñez, 852 F.3d at 144 (internal quotation marks omitted). We are left with no such belief here. The uncontested factual record supports the court's conclusion that Payne "was the leader of this criminal activity."

Accordingly, finding no clear error, we affirm the district court.